JAP:KDE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

GREGORY BURKE, also known as "Gregory J. Burk," "Gregory B. Johnson," and "Kenny Johnson,"

                    Defendant.

- - - - - - - - - - - - - -X

**15 M 0613**

AFFIDAVIT AND COMPLAINT IN SUPPORT OF APPLICATION FOR ARREST WARRANT

(18 U.S.C. § 922(g)(1))

EASTERN DISTRICT OF NEW YORK, SS:

        ANTHONY VIDOT, being duly sworn, deposes and states that he is a detective with the New York City Police Department, duly appointed according to law and acting as such.

        On or about July 2, 2015, within the Eastern District of New York and elsewhere, the defendant GREGORY BURKE, also known as "Gregory J. Burk," "Gregory B. Johnson," and "Kenny Johnson," having been convicted in a court of one or more crimes punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit, a black and chrome 45-caliber Ruger semiautomatic handgun, and ammunition.

        (Title 18, United States Code, Section 922(g)(1))

2

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Detective with the New York City Police Department ("NYPD"), Gun Enhancement Unit, and have been involved in the investigation of numerous cases involving firearms offenses. I am familiar with the facts and circumstances set forth below from review of records of the NYPD and other Government agencies, and conversations with NYPD officers.

2. On or about July 2, 2015, at approximately 11:52 a.m., an individual entered a laundromat located at 412 Brighton Beach Avenue in Brooklyn, New York. This individual spoke with a laundromat employee and then removed a black and silver firearm from his waistband and pointed it at the employee. The individual then placed the firearm back inside his waistband and left the laundromat.

3. Shortly thereafter, NYPD officers responded to the laundromat. At least one of the officers ("Officer A"), together with others, watched the video surveillance from the laundromat. The video depicted an individual wearing a blue and green shirt and black hat pointing a black and silver firearm at the laundromat employee. A picture from this video depicting the individual was distributed to NYPD officers.

4. On or about July 2, 2015, at approximately 3:00 p.m., NYPD received a call of an individual sleeping in the lobby of an apartment building located at 3066 Brighton 6th Street in Brooklyn, New York. Among others, Officer A responded to the scene and observed

---

[1] Because the purpose of this Affidavit and Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

the defendant GREGORY BUKE wearing a blue and green shirt and black hat and sleeping in the lobby of the apartment building. Officer A recognized the defendant BURKE as the same individual depicted on the laundromat video surveillance.

5. Officer A and another NYPD officer then placed the defendant GREGORY BURKE in handcuffs, patted him down, and felt a hard metal object in the defendant BURKE's groin area. Officers then retrieved from the defendant's shorts a black and silver .45 caliber Ruger semiautomatic pistol, which contained four rounds of ammunition, including one in the chamber of the firearm.

6. The defendant GREGORY BURKE was later transported to the NYPD 60th Precinct. At the precinct, NYPD officers recovered from the defendant's shorts nine glassine envelope containing a tan powdery substance. The substance from one of these envelopes field tested positive for the presence of heroin. Officers also recovered from the defendant's shorts one ziplock bag containing a white powdery substance, which field tested positive for the presence of crack cocaine.

7. I have spoken with an interstate nexus expert at the Bureau of Alcohol, Tobacco, Firearms and Explosives, who informs me that the firearm recovered from the defendant GREGORY BURKE was manufactured outside the State of New York.

8. I have reviewed the defendant GREGORY BURKE's criminal history records and have determined that he was convicted of, among other things, the following crimes: on January 11, 2013, in Cumberland County Criminal Court in Portland, Maine, the crime of Unlawful Possession of Scheduled Drug, Title 17-A, Maine Criminal Code, § 1107-A(1)(B); on April 17, 2001, in Kings County Supreme Court, Robbery in the Third

Degree, in violation of New York Penal Law § 160.05; on March 11, 1996, in Kings County Supreme Court, Criminal Possession of a Controlled Substance in the Fifth Degree, in violation of New York Penal Law § 220.06(5); on February 5, 1992, in Kings County Supreme Court, Attempted Criminal Possession of a Loaded Firearm in the Third Degree, in violation of New York Penal Law § 265.02(4); and on December 4, 1989, in Kings County Supreme Court, Criminal Possession of a Weapon in the Third Degree, in violation of New York Penal Law § 265.02. All of these crimes punishable by a term of imprisonment of more than one year.

WHEREFORE, your deponent respectfully requests that the defendant GREGORY BURKE, also known as "Gregory J. Burk," "Gregory B. Johnson," and "Kenny Johnson," be dealt with according to law.

_____
ANTHONY VIDOT
Detective
New York City Police Department

Sworn to before me this
6th day of July, 2015

_____
THE HONORABLE VIKTOR V. POHORELSKY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK